UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:19-cv-80775

ELENA VENCLIK

       Plaintiff,

vs.

CAREGIVER SERVICES, INC., ALAN
SODERQUIST, and STEVEN HOCHHAUSER,

       Defendants.
_____/

# COMPLAINT
*[Jury Trial Demanded]*

Plaintiff Elena Venclik files her Complaint against Caregiver Services, Inc. ("Caregiver"), Alan Soderquist, and Steven Hochhauser and alleges as follows:

## SUMMARY

1. Caregiver Services, Inc., Alan Soderquist, and Steven Hochhauser (hereinafter Collectively "Defendants") required and/or permitted Elena Venclik (hereinafter "Plaintiff") to work in excess of forty hours per week but refused to compensate her properly for such hours.

2. Defendants' conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. *See*, 29 U.S.C. § 207(a).

3. Plaintiff is a FLSA non-exempt worker who has been denied overtime pay required by law, for which she now seeks recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq. and 28 U.S.C. § 1331.

5.     Venue is proper in the Southern District of Florida because Defendants engage in business here and reside here.

## THE PARTIES

6.     Upon information and belief, at all times material hereto Defendant Soderquist is over eighteen years of age and is a resident of Miami, Florida.

7.     Upon information and belief, at all times material hereto Defendant Hochhauser is over eighteen years of age and is a resident of Miami, Florida

8.     At all times material hereto, Caregiver, a foreign for-profit corporation, was and continues to be engaged in business in Florida with its principal address listed as 10451 NW 117th Avenue, Suite 110, Miami, FL 33178.

## COVERAGE

9.     Defendant Caregiver is an enterprise that engages in commerce or in the production of goods for commerce.

10.    Defendant Soderquist was a managing agent of Caregiver, said Defendant acted and act directly in the interests of the Defendant Caregiver. Defendant Soderquist effectively dominated Caregiver administratively, or otherwise acts, or has the power to act, on behalf of the corporation vis-à-vis its employees and had the authority to direct and control the work of others. Therefore, Defendant Soderquist was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

11.    At all times material hereto, Defendant Soderquist operated Caregiver.

12.    At all times material hereto, Defendant Soderquist regularly held and/or exercised the authority to hire and fire employees of Caregiver.

13.    At all times material hereto, Defendant Soderquist regularly held and/or

exercised the authority to determine the work schedules for the employees of Caregiver.

14. At all times material hereto, Defendant Soderquist regularly held and/or exercised the authority to control the finances and operations of Caregiver.

15. Defendant Hochhauser was a managing agent of Caregiver, said Defendant acted and act directly in the interests of the Defendant Caregiver. Defendant Hochhauser effectively dominated Caregiver administratively, or otherwise acts, or has the power to act, on behalf of the corporation vis-à-vis its employees and had the authority to direct and control the work of others. Therefore, Defendant Hochhauser was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

16. At all times material hereto, Defendant Hochhauser operated Caregiver.

17. At all times material hereto, Defendant Hochhauser regularly held and/or exercised the authority to hire and fire employees of Caregiver.

18. At all times material hereto, Defendant Hochhauser regularly held and/or exercised the authority to determine the work schedules for the employees of Caregiver.

19. At all times material hereto, Defendant Hochhauser regularly held and/or exercised the authority to control the finances and operations of Caregiver

20. Each Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff.

21. Accordingly, each Defendant is both a covered "enterprise" and an "employer" under the FLSA.

22. Defendants have had, and continue to have, an annual gross income of sales made or business done of not less than $500,000.

23. In furtherance of Defendants' business, Defendants' employees including Plaintiff handled, sold, or otherwise utilized goods, materials, and equipment that had been moved in or produced for such commerce, thus affording them the protections of the FLSA.

**FACTUAL ALLEGATIONS**

24. Defendants provide in-home caregiver services to its customers.

25. Plaintiff is a former employee of Defendants who was employed by Defendants as a non-exempt caregiver from on or about May 1, 2012 through on or about May 1, 2019.

26. Beginning on or about July 1, 2018, Plaintiff began working with two elderly customers of Defendants providing them consistent caregiver services on a 12 hour basis 6 days a week. During this time, and thereafter, Defendants refused to compensate Plaintiff her overtime premiums for all hours worked in excess of 40 hours per week.

27. Plaintiff approximates that she worked on average of 50 to 55 hours per week for Defendants.

28. Defendants compensated Plaintiff $13.00 per hour for every hour worked, regardless of the number of hours worked.

29. Plaintiff did not receive overtime compensation and received straight-time pay for all hours exceeding 40 in a workweek.

30. Defendants improperly classified Plaintiff as exempt for FLSA purposes.

31. By way of example, for the pay period covering September 3, 2018 through September 9, 2018, Plaintiff worked a total of 72 hours and was only compensated $936.00, or $13.00 per hour for every hour worked. Defendant owes Plaintiff an additional $208.00 for this pay period alone.

32.     For the pay period covering August 27, 2018 through September 2, 2018, Plaintiff worked a total of 74 hours and was only compensated $962.00, or $13.00 per hour for every hour worked. Defendant owes Plaintiff an additional $221.00 for this pay period alone.

**CAUSES OF ACTION**
<u>**COUNT I**</u>
<u>**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**</u>

33.     Plaintiff incorporates all allegations contained in the preceding paragraphs.

34.     At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

35.     Defendants' failure to pay overtime compensation to Plaintiff violates the FLSA.

36.     Plaintiff is not exempt from the right to receive the appropriate overtime pay under the FLSA.

37.     As a result of Defendants' failure to compensate their employees, including Plaintiff, Defendants have violated—and continue to violate—the FLSA, 29 U.S.C. §201, Et Seq.

38.     Accordingly, Plaintiff is entitled to unpaid overtime wages, liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

39.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime described pursuant to 29 U.S.C. § 216(b).

40. Alternatively, should the Court find Defendants acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

41. Plaintiff is entitled to have the limitations period extended to three years because Defendants' actions were willful. 29 U.S.C. § 216(b).

42. WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

### COUNT II
### VIOLATION OF 26 U.S.C. § 7434

43. Plaintiffs reaver and reallege paragraphs 1-32 herein.

44. Defendant violated 26 U.S.C. § 7434 by willfully filing a fraudulent informational return.

45. Instead of issuing Plaintiffs a W-2 for customarily issued to employees, Defendant instead issued a 1099 form.

46. Defendant was supposed to issue Plaintiffs a W-2 and to withhold social security taxes and to contribute its matching amount to the Internal Revenue Service.

47. Plaintiffs are entitled to damages resulting in harm to them from Defendant's violation of this statute.

48. As a direct and proximate result of Defendant's acts, Plaintiffs suffered and continues to suffer damages.

49. Pursuant to 26 U.S.C. § 7434(d), a copy of this Complaint was served on the U.S. Internal Revenue Service at 1700 Palm Beach Lakes Blvd #130, West Palm Beach, FL

33401.

### PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in her favor against Defendants, jointly and severally, awarding her:

A. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one- and one-half times her regular rate;

B. an equal amount as liquidated damages as allowed under the FLSA;

C. damages accrued up to three years;

D. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

E. declaratory judgment under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201;

F. injunctive relief;

G. actual damages or a minimum $5,000 penalty (whichever is greater) pursuant to 26 U.S.C. § 7434(b);

H. pre-judgment and post judgment interest at the highest rates allowed by law; and

I. such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: /s/ James M. Loren, Esq.
**James M. Loren**
**Attorney-in-charge**
FL Bar No. 55409
1776 N. Pine Island Road, Suite 224
Plantation, FL 33322
Main Phone:   800-719-1617
Facsimile:     (954) 585-4886
jloren@goldbergloren.com
*Attorney for Plaintiff*